Judge Bvcivnek,
delivered the opinion of tlio court.
Meredith fded his bill in chancery against Paimatecr, prayingfor, and obtaining an injunction, against a judgment at law, which the latter had recovered against him, in an action of assumpsit, upon a tavern account, for boarding, &e.
lie alleges, upon the ground of payment, that judgment ought to have been rendered in Ms favor; but in consequence of the sickness of his family, he had been unable to attend to bis defence, in said suit, 'and a verdict and judgment had been obtained in favor of Paimatecr, for (?)80, and costs.
Paimatecr answered, denying the alleged payment, and insisting, that the judgment was not as high, as it ought to have been.
He made his answer a cross bill, charging, that Meredith had instituted a suit against him, upon a covenant, and recovered judgment for about f¡123, which he expected to have discharged, by setting off his demand, against that of Meredith’s; but he had refused to do it.
He exhibits an account of $44 50 cents, against Meredith, incurred during I he time, that he was board-ingwithhim; $30 of it were for a credit,which he says, be had allowed before the jury, on the trial of the action of assumpsit, being so much, which he had borrowed of Meredith, but bad returned, and ought not, therefore, to have been allowed as a credit. Tlie remainder was for the use of a horse and gig, breaking the gig, money loaned, &c.
Judgments, recovered in same court, may set-off otS",1attaw, without res°rtm» to chancery.
Hoggin, for plaintiff; M. C. Johnson, for defendant.
TJponihú crossbill, an injunction was grouted in his favor against the judgment, in ike action of covenant. Ho says, that be w'as able to prove the whole of his ar.-counts, except the §‘20.
Meredith’s answer denies every allegation of the bill.
Various depositions were taken on each side, divee ted toan investigation of the accounts between them, from the commencement, exhibiting the matter in very diñaren!; lights; and by no means calculated, could the accounts even be the subject of re-investigation in a court of chancery, to authorize any decree affecting el the; judgment.
The circuit court entered a decree, dismissing each bill with costs, dissolving the Injunctions, and seting oli” the judgments against each other, exceptas to the difference in amount. Upon that, ten per centum damages were decreed in favour of Meredith.
To reverse it, Palmateer prosecutes this writ of error.
The decree was correct, and must he affirmed with costs. The judgments were recovered in the same cowt, and might have been set off, without a bill in chancery. There doe - not seem to have been ¿hedightesi necessity for either'pariy to have resorted to a court of chancery. í J J